The following constitutes
the order of the court. Signed February 3, 2012

Roger L. Efremsky
U.S. Bankruptcy Judge

1  FRIEDMAN DUMAS & SPRINGWATER LLP
   CECILY A. DUMAS (S.B. NO. 111449)
2  ROBERT E. CLARK (S.B. NO. 245882)
   33 New Montgomery Street, Suite 290
3  San Francisco, CA 94105
   Telephone: (415) 834-3800
4  Facsimile: (415) 834-1044

5  Counsel to Debtor and Debtor in Possession
   MORTGAGE FUND '08 LLC
6
   MACDONALD FERNANDEZ
7  IAIN A. MACDONALD (S.B. NO. 051073)
   221 Sansome Street, Third Floor
8  San Francisco, CA 04104
   Telephone: (415) 362-0449
9  Facsimile: (415) 394-5544

10 Counsel to the Official Unsecured Creditors
   Committee
11

12              UNITED STATES BANKRUPTCY COURT
13              NORTHERN DISTRICT OF CALIFORNIA
14              OAKLAND DIVISION
15

16 In re                                    Case No. 11-49803 RLE

17 MORTGAGE FUND '08 LLC,                   Chapter 11

18            Debtor.                       **FINDINGS OF FACT AND
                                            CONCLUSIONS OF LAW IN SUPPORT
19                                          OF JOINT COMBINED CHAPTER 11
                                            PLAN AND DISCLOSURE STATEMENT
20                                          (DATED DECEMBER 21, 2011)**

21                                          Date:  January 30, 2012
                                            Time:  10:30 a.m.
22                                          Place: Courtroom 201
                                                   1300 Clay Street
23                                                 Oakland, CA 94612

24                                          Judge: Hon. Roger L. Efremsky

25

26         A hearing was held before this Court on January 30, 2012 (the "Confirmation

27 Hearing") to consider final approval and confirmation of the *Joint Combined Chapter 11 Plan*

28 *and Disclosure Statement (Dated December 21, 2011)* [ECF No. 101] (the "Plan" and

{00609999.DOC v 3}                          FINDINGS OF FACT AND CONCLUSIONS OF LAW IN
                                            SUPPORT OF PLAN CONFIRMATION ORDER

"Disclosure Statement") filed by the debtor and debtor-in-possession Mortgage Fund '08 LLC (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtor, the "Plan Proponents"). Cecily A. Dumas of Friedman Dumas & Springwater LLP appeared on behalf of the Debtor. Iain A. MacDonald of MacDonald & Associates appeared on behalf of the Committee. Other appearances are noted in the record of the proceedings.

The Court has reviewed the Plan and Disclosure Statement and the pleadings, declarations, and filings submitted in support of confirmation of the Plan, among other matters of record in the chapter 11 case. The Court has considered the offers of proof and the arguments and representations of counsel at the Confirmation Hearing. Based on the foregoing matters, due deliberation having been given to the transactions set forth in the Plan and good cause appearing, the Court makes the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure 52(a), make applicable to this matter by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure, which findings are in addition to those made on the record at the Confirmation Hearing.

## FINDINGS OF FACT

### A. Petition and Conversion

On September 12, 2011, an involuntary petition was filed under chapter 7 of the Bankruptcy Code [ECF No. 1]. On September 28, 2011, the case was converted to chapter 11 [ECF No. 10] pursuant to a stipulation between the Debtor and the petitioning creditors [ECF No. 11].

### B. Conditional Approval of Disclosure Statement

On December 21, 2011, the Plan Proponents filed their *Joint Combined Chapter 11 Plan and Disclosure Statement (Dated December 21, 2011)* [ECF No. 101] (the "Plan" and "Disclosure Statement"). On December 22, 2011, the Court entered its *Order Conditionally Approving Disclosure Statement, Setting Plan Confirmation Hearing and*

{00609999.DOC v 3}   2   FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF PLAN CONFIRMATION ORDER

Case: 11-49803    Doc# 145    Filed: 02/03/12    Entered: 02/03/12 14:08:59    Page 2 of 9

*Setting Deadlines* [ECF No. 102] (the "Disclosure Statement Order"), granting conditional approval of the Disclosure Statement pursuant to Bankruptcy Code § 1125(f)(3).

### C. Notice of Plan Proceedings

In compliance with the Disclosure Statement Order, on December 29, 2011, the Plan Proponents caused the following documents to be served: (a) the Plan and Disclosure Statement; (b) the Disclosure Statement Order; (c) a Ballot for Accepting or Rejecting Joint Combined Chapter 11 Plan and Disclosure Statement; (d) a notice of the Confirmation Hearing; and (e) a Letter from Counsel to Committee to Mortgage Fund '08 Creditors Dated December 28, 2011 (together, the "Solicitation Package"). The Plan Proponents served the Solicitation Package by mail on all creditors and other parties in interest as provided by Rules 2002, 3017, 3018, and 3019 of the Federal Rules of Bankruptcy Procedure. The proper and timely service of the Solicitation Package is evidenced by Certificates of Service [ECF Nos. 106 & 107] and the Court finds such notice sufficient.

### D. Objections to Plan and Disclosure Statement

The Disclosure Statement Order fixed January 23, 2012 as the last date for filing and serving written objections to confirmation of the Plan and final approval of the Disclosure Statement. On January 22, 2012, an *Objection to Combined Plan and Disclosure Statement* [ECF No. 130] (the "Rapp Objection") was filed by creditors Eugene Rapp, the Eugene A. Rapp Revocable Trust, and North American Financial, Inc., objecting to the Disclosure Statement's estimate of the number of creditors likely to make a Convenience Class election, and to the procedures for asset sales and trustee compensation provided for under the Liquidating Trust Agreement, Exhibit A to the Plan.

### E. Voting on Plan

The Disclosure Statement Order fixed January 23, 2012 as the last date for submitting written acceptances or rejections of the Plan. The Plan Proponents tabulated the ballots accepting and rejecting the Plan in their *Ballot Summary re Joint Combined Chapter 11 Plan and Disclosure Statement (Dated December 21, 2011)* [ECF No. 135] (the

"Ballot Tabulation"), filed with the Court on January 26, 2012. Of the two classes entitled to vote on the Plan (Classes 2 and 3), both voted to accept the Plan.

### F. Compliance with Section 1129

The Plan complies with all of the requirements set forth in § 1129 of the Bankruptcy Code, including without limitation the following:

#### 1. Plan Compliance—Section 1129(a)(1)

The Plan complies with the applicable provisions of §§ 1122 and 1123 of the Bankruptcy Code.

##### a. *Classification and Treatment*

The Plan adequately and properly classifies all claims and interests required to be classified and thus satisfies the requirements of §§ 1122 and 1123(a)(1) of the Bankruptcy Code.

##### b. *Means for Implementation*

The Plan contains adequate means for its implementation and satisfies the requirements of § 1123(a)(5) of the Bankruptcy Code.

##### c. *Other Plan Provisions*

Section 1123(b) contains several permissive provisions that may be contained within a plan. Section 1123(b)(1) states that a plan may impair or leave unimpaired any class of claims, secured or unsecured, or of interests. As noted, the Plan impairs or leaves unimpaired various Classes of Claims and Interests. Section 1123(b)(2) states that, subject to § 365 of the Bankruptcy Code, a plan may provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected. Part 8 of the Plan provides that upon the Plan's Effective Date, the Debtor shall reject all executory contracts and unexpired leases not by then assumed by a final order of the Court. Accordingly, all such executory contracts and unexpired leases are deemed rejected as of the Effective Date, including without limitation the Red Mountain Resorts, LLC settlement agreement dated October 12, 2010. The Court finds that the additional provisions for

implementation of the Plan are reasonable and consistent with § 1123(b) of the Bankruptcy Code.

### 2. Plan Proponents' Compliance—Section 1129(a)(2)

The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Plan Proponents solicited acceptances of the Plan in accordance with the requirements of the Disclosure Statement Order and in good faith and not by means forbidden by law. The Court is satisfied that the Plan Proponents have adduced adequate and sufficient evidence of good faith.

### 3. Plan Payments—Section 1129(a)(4)

Section 1129(a)(4) of the Bankruptcy Code provides that the Court shall confirm a plan only if "[a]ny payment made or to be made by the proponent, but the debtor, . . . for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable."

Any payments made by the Debtor to professionals for services rendered or for costs and expenses incurred in, or in connection with, this case through the Effective Date of the Plan have been or will be disclosed to the Court in applications to employ or compensate such professionals, subject to approval by the Court as reasonable. Accordingly, the Plan complies with the requirements of Bankruptcy Code § 1129(a)(4).

### 4. Best Interests—Section 1129(a)(7)

The Court finds that the Plan Proponents have submitted evidence in satisfaction of the "best interests" test set forth in § 1129(a)(7) of the Bankruptcy Code. Part 11 of the Plan and Disclosure Statement contains a liquidation analysis comparing the amounts the Debtor estimates general unsecured creditors will receive pursuant to the Plan with the amounts said creditors are likely to receive in a hypothetical liquidation under chapter 7 of the Bankruptcy Code. The Court finds that these estimates are reasonable and

show that confirmation of the Plan is preferable to liquidation of the estate under chapter 7, and that the Plan is therefore in the best interests of creditors.

### 5. Acceptance—Section 1129(a)(8)

As set forth in the Ballot Tabulation, both of the classes entitled to vote on the Plan have voted to accept the Plan.

### 6. Feasibility—Section 1129(a)(11)

Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of a plan no be likely to be followed by the liquidation or further reorganization of the debtor or any successor unless such liquidation or reorganization is proposed in the plan. Inasmuch as to Plan proposes to liquidate the Debtor, the Court is satisfied that this requirement is met.

### 7. Fees Payable Under 28 U.S.C. § 1930—Section 1129(a)(12)

As required by § 1129(a)(123) of the Bankruptcy Code, all fees payable under 28 U.S.C. § 1930 will be paid in full on the Effective Date of the Plan pursuant to Part 7(b).

## G. Other

To the extent that any portion of a Finding of Fact contains or constitutes a Conclusion of Law, such portion shall be deemed to be a Conclusion of Law, and is hereby adopted as such.

## CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

This Court has jurisdiction over this case to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue for this case in the Northern District of California is proper under 28 U.S.C. § 1408.

### B. Notice and Opportunity for Hearing

Notice of the Confirmation Hearing was due, proper, timely, and adequate. The Plan Proponents have complied in all material respects with Rules 2002 and 3017 of the

{00609999.DOC v 3}   6   FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF PLAN CONFIRMATION ORDER

Case: 11-49803   Doc# 145   Filed: 02/03/12   Entered: 02/03/12 14:08:59   Page 6 of 9

Federal Rules of Bankruptcy Procedure and the Disclosure Statement Order. All parties in interest have had an opportunity to appear and be heard at the Confirmation Hearing.

### C. Objections of Plan and Disclosure Statement

The Court concludes that the Plan Proponents' estimate of the number of creditors likely to make a Convenience Class election is not material to the informed judgment of a hypothetical investor of the relevant class concerning the Plan, *see* 11 U.S.C. § 1125(a)(1). With respect to the remaining points set forth in the Rapp Objection, the Court concludes that since the Plan Proponents have agreed to amend the Liquidating Trust Agreement to provide that notice of post-confirmation asset sales shall be given to the United States Trustee, the post-confirmation creditors' committee and parties requesting special notice, the Rapp Objection is otherwise overruled..

### D. Final Approval of Disclosure Statement

The Court concludes that the Disclosure Statement, which was conditionally approved in the Disclosure Statement Order, contains adequate information under 11 U.S.C. § 1125.

### E. Compliance with Bankruptcy Code

The Plan Proponents have adduced adequate and sufficient evidence that the Plan complies with the applicable provisions of the Bankruptcy Code. The Plan satisfies all of the requirements for confirmation established under § 1129 of the Bankruptcy Code.

### F. Safe Harbor

The Plan Proponents (and their respective officers, directors, shareholders, attorneys, agents, advisors, and employees) have solicited acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and, accordingly, are not liable on account of such solicitation for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

**G. Retention of Jurisdiction**

The Bankruptcy Court, as provided in Part 16 of the Plan, may retain jurisdiction over the matters set forth therein and in the Confirmation Order.

**H. Other**

To the extent that any portion of a Conclusion of Law contains or constitutes a Finding of Fact, such portion shall be deemed to be a Finding of Fact, and is hereby adopted as such.

***END OF ORDER***

# COURT SERVICE LIST

All parties requiring service are ECF Registered Participants who have consented to electronic service through the Court's ECF Procedures